## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. ___1:20-cv-00056___

ANNE WOLFF,

      Plaintiff,

v.

ALLEGIANT RECEIVABLES SOLUTIONS, INC. d/b/a ALPINE CREDIT, INC.,

      Defendant.

## COMPLAINT

**NOW COMES** ANNE WOLFF ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of ALLEGIANT RECEIVABLES SOLUTIONS, INC. d/b/a ALPINE CREDIT, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant maintains significant business contacts in the District of Colorado, Plaintiff resides in the District of

Colorado, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

## PARTIES

4. Plaintiff is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant is a third party debt collector holding itself out as "a premier leader in the Colorado Collection industry."[1]  Defendant's principal office is located at 12191 W. 64th Ave., Suite 210, Arvada, Colorado 80004.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

7. The instant action stems from Defendant's attempt to collect upon an automobile debt ("subject debt") that Plaintiff allegedly owed to MedVed Autoplex ("MedVed").

8. After the subject debt was in default, Defendant acquired the right to collect or attempt to collect on the subject debt.

9. Around 2017, Plaintiff started receiving calls to her cellular phone number (970) XXX-2404, from Defendant.

10. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in -2404. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

11. Defendant has called Plaintiff mainly using the phone number (303) 239-9100, but upon belief, Defendant has used other phone numbers as well.

---

[1] http://www.allegiantcollects.com/

12. Upon information and belief, the aforementioned phone number ending in -9100 is regularly utilized by Defendant during its debt collection activity.

13. Plaintiff, through her contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

14. Upon speaking to Defendant, Plaintiff explained that there was a legitimate dispute between her and MedVed, and that she believes that the subject debt is not valid.

15. Defendant completely disregarded Plaintiff's explanation and continued to demand payment on the subject debt while belittling and mocking Plaintiff.

16. Due to the harassing nature of Defendant's collection campaign, Plaintiff demanded that Defendant cease contacting her.

17. Rather than adhere to Plaintiff's demand, Defendant intentionally continued to place calls to Plaintiff's cellular phone and reported the subject debt on her credit report.

18.   In addition to the harassing phone calls Plaintiff received, Defendant also saw fit to contact individuals acquainted with Plaintiff and disclosing that Plaintiff allegedly owes the subject debt, despite such individuals having no connection to the subject debt.

19. Furious and embarrassed by Defendant's conduct, Plaintiff sent Defendant three letters dated January 17, 2020, September 6, 2020, and November 5, 2020, respectively.

20. In the letters, Plaintiff disputed the validity of the subject debt, demanded that Defendant cease contacting her, and demanded that Defendant cease contacting any third parties with no connection to the subject debt.

21. Plaintiff has made her demands that the phone calls stop on numerous occasions over the phone and in writing, yet Defendant's phone call campaign has continued.

22. Despite the demands made over the phone and in writing, Defendant continued to place harassing collection calls to her cellular phone and has not validated the subject debt.

23. Defendant has frequently placed multiple calls per day to Plaintiff's cellular phone, notwithstanding her demands that it stop contacting her.

24. Plaintiff has received dozens of phone calls from Defendant since demanding that it stop contacting her.

25. Furthermore, in one particular conversation, Defendant stated that if Plaintiff did not pay the subject debt immediately, then she will go to prison

26. Plaintiff became concerned from Defendant's representation that she had committed some sort of crime and would be subjected to criminal proceedings in the event payment on the subject debt was not made, causing Plaintiff severe emotional distress.

27. Frustrated and distressed over Defendant's harassing conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

28. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

29. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, anxiety, embarrassment, fear of imprisonment, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

32. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

33. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or telephones to collect delinquent accounts allegedly owed to a third party.

34. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

### a.   Violations of FDCPA §§1692b and §1692c

35. The FDCPA, pursuant to 15 U.S.C. §1692b(2), prohibits "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt [.]" Furthermore, under § 1692b(3), a debt collector is prohibited from contacting a non-debtor "more than once unless requested to do so by such person."

36. Furthermore,  under § 1692(c)(b), "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency . . . the attorney of the creditor, or the attorney of the debt collector."

37. Defendant violated 15 U.S.C. §§ 1692b(2), (3), and § 1692(c)(b),  when it contacted individuals acquainted with Plaintiff and disclosed that Plaintiff owes the subject debt. This caused Plaintiff to experience a great amount of embarrassment and anxiety. The FDCPA was

enacted to prevent this exact type of behavior from debt collectors, as it could lead to a stressful and embarrassing situations.

### b.   Violations of FDCPA §1692c(a)(1) and §1692d

38.   The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]the use of obscene language or language the natural consequence of which is to abuse the hearer or reader." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

39.   Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop.  Defendant called Plaintiff numerous times after she demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive.  The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

40.   Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

41.   Defendant further violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unprofessional conduct of berating and mocking Plaintiff during its collection campaign. Any reasonable factfinder will conclude that Defendant's actions were harassing and abusive as Defendant ridiculed and needlessly harassed Plaintiff when it attempted to collect upon the subject debt.

### c.   Violations of  FDCPA § 1692e

6

42. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

43. In addition, this section enumerates specific violations, such as:

> "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. § 1692e(4)

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

> "The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer." 15 U.S.C. § 1692e(7); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

44. Defendant violated 15 U.S.C. §§ 1692e, e(5), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. On at least one occasion, Defendant threatened to initiate a lawsuit against Plaintiff to collect upon the subject debt without the intent to follow through. Defendant's lack of intent to initiate a lawsuit against Plaintiff can be gauged by the fact that it issued its litigation threat as an intimidation tactic in an effort to extract payment. From its actions, Defendant's intention was to collect upon the subject debt outside of the judicial process by continuing with it deceptive and coercive collection campaign. These false and deceptive tactics utilized by Defendant only served to worry and confuse Plaintiff.

45. Defendant further violated 15 U.S.C. §§ 1692e, e(4), e(7), and e(10) when it falsely, deceptively, and misleadingly representing that by not satisfying the subject debt, Plaintiff had committed a criminal act that will cause her to be imprisoned. The utilization of such language

7

implied to Plaintiff that she had committed some sort of crime or other conduct in order to disgrace her, in direct violation of the FDCPA.

46. Furthermore, Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop calling her, Defendant place numerous calls to Plaintiff's cellular phone without her consent. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to call her when it no longer had consent to do so.

### d.   Violations of  FDCPA § 1692f

47. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

48. Defendant violated §1692f when it unfairly harassed and threatened Plaintiff. Defendant used such harassing conduct in order to force Plaintiff into making a payment on the subject debt.

49. Furthermore, Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission and belittling her is unfair and unconscionable behavior. These means employed by Defendant only served to worry and abuse Plaintiff.

### e.   Violations of  FDCPA § 1692g

50. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1)

8

the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ." Furthermore, pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

51. Defendant violated § 1692g by failing to provide the written information requested by Plaintiff. At no point has Plaintiff been provided any information in writing regarding the subject debt which outlines her rights under § 1692g.

52. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff ANNE WOLFF respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: January 8, 2021                    Respectfully Submitted,

/s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103

9

*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

10